OPINION.
{¶ 1} Plaintiff-appellant, Janice L. Cherry, appeals a decision of the Columbiana County Common Pleas Court granting summary judgment in favor of defendant-appellee, Richard Lee Rumbaugh, on her claim for legal malpractice.
 {¶ 2} On August 29, 2002, appellant, proceeding pro se, filed suit against appellee for legal malpractice. Her claim arose out of appellee's representation of her in a 1993 divorce case. Specifically, appellant alleged that appellee was negligent in failing to obtain her spousal support.
 {¶ 3} On September 27, 2002, appellee filed a motion for summary judgment arguing that appellant's claim was barred by the statute of limitations. Appellant did not file a response. The trial court granted appellee's motion on October 29, 2002. This appeal followed.
 {¶ 4} Appellant, continuing to proceed pro se, sets forth two assignments of error. Since both raise common issues of fact and law dispositive of this appeal, they will be addressed together. They state respectively:
 {¶ 5} "The trial court erred in denying appellee's [sic.] complaint of legal malpractice inasmuch as appellee's complaint was a nullity as it was filed without leave of court and without written consent of the parties."
 {¶ 6} "The trial court erred in failing to address appellee' [sic.] claim represented in the complaint on the basis the same was time barred pursuant to Ohio Revised Code § 2305.11."
 {¶ 7} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.(1976), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).
 {¶ 8} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 9} The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.
 {¶ 10} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293,662 N.E.2d 264.
 {¶ 11} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248,106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 12} R.C. 2305.11(A) provides for a one-year statute of limitations for legal malpractice actions. "Under R.C. 2305.11(A), a cause of action for legal malpractice accrues and the one-year statute of limitations commences to run either when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.Omni-Food Fashion, Inc. v. Smith (1988), 38 Ohio St.3d 385,528 N.E.2d 941, paragraph one of the syllabus. "For the purposes of determining the accrual date of R.C. 2305.11(A) in a legal malpractice action, the trial court must explore the particular facts of the action and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his or her alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered him or her; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury." Id., 528 N.E.2d 941, paragraph two of the syllabus.
 {¶ 13} Appellant acknowledges that more than one year has passed since the original divorce decree. However, appellant argues that the discovery of appellee's alleged negligence "was ongoing effecting her life in every aspect."
 {¶ 14} Appellant's argument is an incorrect application of the discovery rule to extend the statute of limitations. The fact that appellee's alleged negligence had an ongoing effect on her life illustrates that she should have discovered the alleged damage or injury to her immediately upon receipt of the divorce decree.
 {¶ 15} Additionally, the particular facts of this case illustrate that she should have discovered the alleged damage or injury. The divorce case in which appellee represented appellant went to final hearing in April 1994. The final decree, which was entered in July 1994, contained a provision for child support. Attached to appellee's motion for summary judgment is his affidavit stating that his representation of appellant ended in September 1994 when appellant made final payment for the legal services rendered.
 {¶ 16} In November 1995, an entry adjusting spousal support arrearage was entered, and approved by appellant pro se. In November 1999, appellant, through new counsel, filed a motion to find her ex-husband in contempt for failure to provide certain health insurance and for partial relief from judgment. That motion was withdrawn in July 2000.
 {¶ 17} On October 26, 2001, appellant filed a motion to modify the divorce decree. Appellant alleged that she was informed by appellee that she was not entitled to spousal support and medical insurance from her ex-husband. The motion also indicated that appellant was informed in 1995 by a "lawyer friend" that she would be entitled to spousal support and medical insurance. The motion was heard by a magistrate and later denied.
 {¶ 18} According to her own filing, appellant demonstrated that as early as 1995 she believed she had a claim for spousal support that was not addressed by appellee. That, along with the other history of appellee's divorce case, reflects that she had at that time discovered or should have discovered that there may have been negligence and that that negligence had caused her damage or injury.
 {¶ 19} Accordingly, both of appellant's assignments of error are without merit.
 {¶ 20} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich and Waite, JJ., concur.